UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE LUMLEY, Individually and on Behalf of All Other Persons Similarly Situated,

                Plaintiff,

-against-

UNITED STATES TRUST COMPANY, N.A., BANK OF AMERICA, N.A., JOHN DOES #1-10, Jointly and severally,

                Defendants.

No. 08 CV 3993 (TPG) (AJP)

**ANSWER and AFFIRMATIVE DEFENSES**

Defendant BANK OF AMERICA, NATIONAL ASSOCIATION (named herein as "Bank of America, N.A.") ("Defendant") by its attorneys, for its Answer to the Complaint ("Complaint") in the above-captioned matter, states as follows:[1]

## NATURE OF THE ACTION

1.    Defendant denies the allegations contained in paragraph 1 of the Complaint insofar as the allegations assert legal conclusions, except admits that Plaintiff Eugene Lumley ("Plaintiff") purports to bring "this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b)."

2.    Defendant denies the allegations contained in paragraph 2 of the Complaint insofar as the allegations assert legal conclusions, except admits that Plaintiff purports to bring this action under "New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations."

---

[1] On May 21, 2008, counsel for Defendant Bank of America, National Association filed with the Court a Stipulation – executed by counsel for Plaintiff and Defendant – Dismissing Defendant United States Trust Company, N.A. from the above-entitled action. Thus, this Answer is submitted on behalf of Defendant Bank of America, National Association.

## **JURISDICTION AND VENUE**

3.      Defendant denies the allegations contained in paragraph 3 of the Complaint, except admits that Plaintiff purports that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1343, supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiff purports that venue is proper in this Court.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint, except admits that Plaintiff purports that this Court has the power to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **THE PARTIES**

6.      Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint, and thus denies same.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint, except admits that Defendant Bank of America, National Association is a national association doing business in New York at 114 West 47th Street, New York, N.Y. 10036.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the allegation that "John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time[,]" and thus denies same.

## COLLECTIVE ACTION ALLEGATIONS

9.  Defendant denies the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiff purports to bring a "collective action" pursuant to 29 U.S.C. § 207 "on behalf of all persons who are or were formerly employed by Defendants at any time since April 29, 2005 to the entry of judgment in this case . . . who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation . . . ," and further states that the purported definition of "Collective Action Members" is imprecise, vague and not ascertainable and thus, Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 and denies same.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint that "Plaintiff will fairly and adequately protect the interests of the Collective Action Members . . ." and that "Plaintiff has no interests that are contrary to or in conflict with those members of this collective action." Defendant currently lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 11 of the Complaint, and thus denies same.

12. The allegations contained in paragraph 12 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

## CLASS ALLEGATIONS

15. Defendant denies the allegations contained in paragraph 15 of the Complaint, except admits that Plaintiff purports to bring an action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of "a class of persons."

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except admits that Plaintiff purports to bring an action under the New York Labor Law on behalf of "all persons who were employed by Defendants at any time since April 29, 2002, to the entry of judgment in this case," and further states that the purported definition of "the Class" is imprecise, vague and not ascertainable and thus, Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 and denies same.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The allegations contained in paragraph 18 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegation contained in paragraph 20 of the Complaint that "Plaintiff is committed to pursing this action." Defendant currently lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 20 of the Complaint, and thus denies same.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

## STATEMENT OF FACTS

23. Defendant denies the allegations contained in paragraph 23 of the Complaint, except admits that Defendant maintains and operates a national association and that United States Trust Company, N.A. did employ First Level Officers.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, except admits that Plaintiff was employed by United States Trust Company, N.A. from on or about January 2007 until on or about June 30, 2007 and was employed by Defendant from on or about July 1, 2007 until on or about October 2007.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint, except admits that Plaintiff was employed as a tax preparer and that he used tax preparation software.

26. The allegations contained in paragraph 26 of the Complaint are vague and ambiguous and thus, Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 and denies same.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are vague and ambiguous and thus, Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 and denies same.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

36. Defendant repeats and realleges the admissions and denials contained in paragraphs 1 through 35 above.

37. Defendant admits the allegations contained in paragraph 37 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint are vague and ambiguous, including the term "Collective Action Members" which is also imprecise and not ascertainable, and thus, Defendant is unable to respond by either admitting or denying such allegations.

39. Defendant admits the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint, except admits that Plaintiff purports to have consented in writing to be a party to this action.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

46. Defendant repeats and realleges the admissions and denials contained in paragraphs 1 through 45 above.

47. The allegations contained in paragraph 47 of the Complaint are vague and ambiguous, including the term "Class" which is also imprecise and not ascertainable, and thus,

Defendant currently lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 and denies same.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendants denies the allegations contained in paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. As a First Defense to the Complaint and to each claim for relief therein, Defendant alleges that the Complaint, and each purported claim for relief therein, fails to state facts upon which relief may be granted.

### SECOND DEFENSE

2. As a Second Defense to the Complaint and to each claim for relief therein, no conduct by or attributable to Defendant was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff and/or the purported class.

### THIRD DEFENSE

3. As a Third Defense to the Complaint and to each claim for relief therein, Defendant alleges that Plaintiff and/or the purported class released, relinquished and waived any right to any of the claims upon which Plaintiff now seeks relief.

### FOURTH DEFENSE

4. As a Fourth Defense to the Complaint and to each claim for relief therein, Defendant alleges that, should it be determined that Plaintiff and/or the purported class have been damaged, then said damages were proximately caused by their own conduct.

## FIFTH DEFENSE

5. As a Fifth Defense to the Complaint and each cause of action therein, the Plaintiff cannot satisfy the requirements for a class, representative, group or collective action.

## SIXTH DEFENSE

6. As a Sixth Defense to the Complaint and each cause of action therein, the claims of certain proposed class members are barred by the doctrine of settlement and release.

## SEVENTH DEFENSE

7. As a Seventh Defense to the Complaint and each cause of action therein, Defendant alleges that Plaintiff and/or the purported class are not entitled to equitable relief because they have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to them under the provisions of applicable state or federal law.

## EIGHTH DEFENSE

8. As an Eighth Defense to the Complaint and to each cause of action therein, Defendant alleges that the Complaint fails to allege facts sufficient to justify injunctive or other equitable relief.

## NINTH DEFENSE

9. As a Ninth Defense to the Complaint and to each cause of action therein, Defendant alleges that the claims of Plaintiff and/or the purported class are barred in whole or in part by the applicable statutes of limitation.

## TENTH DEFENSE

10. As a Tenth Defense to the Complaint and to each claim for relief therein, Defendant alleges that Plaintiff and/or the purported class have unreasonably delayed bringing

this action to the prejudice of Defendant, and therefore Plaintiff's Complaint and each claim for relief therein is barred by the doctrine of laches.

### ELEVENTH DEFENSE

11. As an Eleventh Defense to the Complaint and to each claim for relief therein, the claims of Plaintiff and/or the purported class are subject to disputes over wages.

### TWELFTH DEFENSE

12. As a Twelfth Defense to the Complaint and to each claim for relief therein, Plaintiff and/or the purported class are exempt from the applicable overtime laws pursuant to, but not limited to, the following exemptions: executive, administrative, professional, computer employee and/or highly compensated. Further, Defendant reserves the right to assert defenses based on additional exemptions as they become evident through discovery or investigation.

### THIRTEENTH DEFENSE

13. As a Thirteenth Defense to the Complaint and to each claim for relief therein, Plaintiff's and/or the purported class' recovery in this action is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

### FOURTEENTH DEFENSE

14. As a Fourteenth Defense, Defendant asserts that it did not engage in a violation of the FLSA or the New York Labor Law, either willful or otherwise.

### FIFTEENTH DEFENSE

15. As a Fifteenth Defense to the Complaint and to each claim for relief therein, Defendant acted in good faith and had reasonable grounds for believing its actions did not violate the FLSA or the New York Labor Law.

## SIXTEENTH DEFENSE

16. As a Sixteenth Defense to the Complaint and to each claim for relief therein, Plaintiff's and/or the purported class' recovery is barred in whole or in part by Plaintiff's and/or the purported class' own unclean hands and by the doctrine of in pari delicto.

## SEVENTEENTH DEFENSE

17. As a Seventeenth Defense to the Complaint and to each claim for relief therein, Plaintiff fails to state facts sufficient to support an award of damages against Defendant.

## EIGHTEENTH DEFENSE

18. As an Eighteenth Defense to the Complaint and to each claim for relief therein, Plaintiff and/or the purported class may not recover liquidated damages because (1) Defendant and all of their officers, directors, managers or agents acted at all times in good faith and did not commit any willful violation of the FLSA; (2) Defendant (including its officers, directors, managers or agents) did not authorize or ratify any such willful violation; and (3) Plaintiff has failed to state facts sufficient to support an award of such damages against Defendant.

## NINETEENTH DEFENSE

19. As a Nineteenth Defense to the Complaint and to each claim for relief therein, the purported class cannot be represented in this action to the extent members of the alleged class have failed to abide by the "opt-in" requirements of 29 U.S.C. § 216(b).

## TWENTIETH DEFENSE

20. As a Twentieth Defense to the Complaint and to each claim for relief therein, Plaintiff and/or the purported class are precluded from recovering any amounts from Defendant where Defendant has paid all sums legally due under the FLSA and applicable state law.

## TWENTY-FIRST DEFENSE

21. As a Twenty-First Defense to the Complaint and to each claim for relief therein, the claims of Plaintiff and/or the purported class are barred to the extent that Plaintiff and the purported class misperformed their duties, and failed to perform those duties which Defendant realistically expected them to perform.

## TWENTY-SECOND DEFENSE

22. As a Twenty-Second Defense to the Complaint and to each claim for relief therein, some or all of the disputed time is not compensable pursuant to the Portal-to-Portal Act of 1947.

## TWENTY-THIRD DEFENSE

23. As a Twenty-Third Defense to the Complaint and to each claim for relief therein, pursuant to 29 U.S.C. § 259, any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the FLSA occurred in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval and/or interpretation of the Administrator of Wage and Hour Division of the Department of Labor, and/or administrative practice or enforcement policy of the Administrator of the Wage and Hour Division of the Department of Labor with respect to the class of employers to which Defendant belong.

## TWENTY-FOURTH DEFENSE

24. As a Twenty-Fourth Defense to the Complaint and to each claim for relief therein, because liability may be not determined by a single jury on a class-wide basis, allowing this action to proceed as a collective action would violate Defendant's rights under the Seventh Amendment.

## TWENTY-FIFTH DEFENSE

25. As a Twenty-Fifth Defense to the Complaint and to each claim for relief therein, Plaintiff has failed to exhaust his administrative, statutory, and/or contractual remedies.

## TWENTY-SIXTH DEFENSE

26. As a Twenty-Sixth Defense to the Complaint and to each claim for relief therein, Plaintiff and/or the purported class have failed to timely make a demand in writing for wages due and payable.

## TWENTY-SEVENTH DEFENSE

27. As a Twenty-Seventh Defense to the Complaint and to each claim for relief therein, Plaintiff lacks standing to assert the legal rights or interests of others.

## TWENTY-EIGHTH DEFENSE

28. As a Twenty-Eighth Defense to the Complaint and to each claim for relief therein, the claims of Plaintiff and/or the purported class are barred in whole or in part because they consented to the pay system that is the subject of the Complaint.

## TWENTY-NINTH DEFENSE

29. As a Twenty-Ninth Defense to the Complaint and to each claim for relief therein, Defendants allege that if any damages have been sustained by Plaintiff and/or the purported class, although such is not admitted and is specifically denied, Defendant is entitled by equity to offset all time Defendant voluntarily paid for time not worked by Plaintiff and/or the purported class against any judgment that may be entered against Defendant.

## THIRTIETH DEFENSE

30. As a Thirtieth Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff Eugene Lumley's employment history makes him inappropriate

as a representative plaintiff with respect to whom other prospective plaintiffs might be claimed to be similarly situated.

### THIRTY-FIRST DEFENSE

31.     As a Thirty-First Defense to the Complaint and to each claim for relief therein, Defendant's relationship with Plaintiff does not provide the proper basis for an accounting in equity.

### THIRTY-SECOND DEFENSE

32.     As a Thirty-Second Defense to the Complaint and to each claim for relief therein, neither Plaintiff, the putative class nor the claims contained herein meet the prerequisites of 29 U.S.C. § 216(b) or FED. R. CIV. P. 23.

### THIRTY-THIRD DEFENSE

33.     As a Thirty-Third Defense to the Complaint and to each claim for relief therein, the members of the putative class are not "similarly situated" to each other or to Plaintiff.

### THIRTY-FOURTH DEFENSE

34.     As a Thirty-Fourth Defense to the Complaint and to each claim for relief therein, Plaintiff may not bring a class action under the New York Labor Law.

### THIRTY-FIFTH DEFENSE

35.     As a Thirty-Fifth Defense to the Complaint and to each claim for relief therein, liquidated and/or punitive damages and/or penalties may not be recovered in a class action brought by Plaintiff under the New York Labor Law.

### THIRTY-SIXTH DEFENSE

36.     As a Thirty-Sixth Defense to the Complaint and to each claim for relief therein, Plaintiff is not entitled to a jury trial on his New York Labor Law claims.

**THIRTY-SEVENTH DEFENSE**

37. As a Thirty-Seventh Defense to the Complaint and to each claim for relief therein, John Does #1-10 are improperly named defendants.

**THIRTY-EIGHTH DEFENSE**

38. As a Thirty-Eighth Defense to the Complaint and to each claim for relief therein, John Does #1-10 cannot be individually liable for some or all of the claims brought against them.

**THIRTY-NINTH DEFENSE**

39. As a Thirty-Ninth Defense to the Complaint and to each claim for relief therein, the proposed collective action and class definitions improperly require an adjudication on the merits in order to understand who is a member of that collective action and/or class.

**FORTIETH DEFENSE**

40. As a Fortieth Defense to the Complaint and to each claim for relief therein, the proposed collective action and class definitions are imprecise, vague and not ascertainable.

**FORTY-FIRST DEFENSE**

41. As a Forty-First Defense, Defendant reserves the right to assert further defenses as they become evident through discovery or investigation.

Dated: New York, New York
June 2, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

Attorneys for Defendant
BANK OF AMERICA, NATIONAL ASSOCIATION

By: _____
Aimee B. Florin
Jill L. Rosenberg
666 Fifth Avenue
New York, New York 10103
212-506-5000