William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE LUMLEY, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs, -against- UNITED STATES TRUST COMPANY, N.A., BANK OF AMERICA, N.A. and JOHN DOES #1-10, Jointly and Severally, Defendants. | ECF<br>08 CV 3993 (TPG) (AJP) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF COLLECTIVE ACTION NOTICE**

Dated: New York, New York
June 13, 2008

LAW OFFICE OF WILLIAM COUDERT RAND
William Coudert Rand, Esq.
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly Situated
711 Third Avenue, Suite 1505
New York, New York 10017
Tel: (212) 286-1425
Co-counsel
Berger & Gottlieb
Jeffrey M. Gottlieb, Esq. (JG-7905)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| PRELIMINARY STATEMENT………………………………………. | | 1 |
| I. | INTRODUCTION…………………………………………….. | 1 |
| II. | ARGUMENT………………………………………………….. | 3 |
| | A. Collective Actions under the FLSA…………………… | 3 |
| | B. The Factual Nexus is Established in this Case……….. | 4 |
| | C. The Collective Action Notice…………………………. | 5 |
| | D. Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs…………… | 6 |
| | E. The FLSA Statute of Limitations Should be Equitably Tolled and A Six Year Notice Period and Statute of Limitations Applied to Plaintiffs' Claims…………….. | 10 |
| III. | CONCLUSION………………………………………………... | 11 |

TABLE OF AUTHORITIES

CASES Page

Atkins v. General Motors Corp.,
701 F.2d 1124 (5th Cir. 1983)………………………………………… 8

Baba v. Grand Central Partnership, Inc.,
2000 WL 1808971, 2000 U.S. Dist. LEXIS 17876
(S.D.N.Y. Dec. 8, 2000)………………………………………………. 10

Bonilla v. Las Vegas Cigar Co.,
61 F. Supp. 2d 1129 (D. Nev. 1999)…………………………………. 7

Braunstein v. Eastern Photographic Laboratories, Inc.
600 F. 2d 335 (2d Cir. 1979)…………………………………………. 6

Cerbone v. Int'l Ladies Garment Workers' Union,
768 F.2d 45, 48 (2d Cir.1985)……………………………………….. 10

Cook v. United States,
109 F.R.D. 81 (E.D.N.Y. 1985)………………………………………. 8

Does I thru XXIII v. Advanced Textile Corp.,
214 F.3d 1058 (9th Cir. 2000)………………………………………… 8

Gjurovich v. Emmanuel's Marketplace, Inc.,
282 F. Supp. 2d 101 (S.D.N.Y. 2003)………………………………… 3, 7-8

Hoffman v. Sbarro, Inc.,
982 F. Supp. 249 (S.D.N.Y. 1997)..…………………………...…… 3-4, 7-8

Hoffman-La Roche, Inc. v. Sperling,
493 U.S. 165 (1989)…………………………………………………… 7-9

Iglesias-Mendoza v. La Belle Farm, Inc.,
239 F.R.D. 363 (S.D.N.Y. Jan. 29, 2007)……………………………. 10

Kamens v. Summit Stainless, Inc.,
586 F. Supp. 324, 328 (E.D.Pa. 1984)………………………………… 10

Partlow v. Jewish Orphans' Home of Southern Cal., Inc.,
645 F.2d 757 (9th Cir. 1981)…………………………………………. 7

Schwed v. General Electric Co.,
159 F.R.D. 373 (N.D.N.Y. 1995)…………………………………….. 4

Trinidad v. Breakaway Courier Systems, Inc.,
2007 WL 103073 (January 12, 2007 S.D.N.Y)………………………….. 6

STATUTES

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")……………… Passim

Fed. R. Civ. P. Rule 23……………………………………………………… 4

William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EUGENE LUMLEY, Individually and on Behalf of All Other Persons Similarly Situated, | : | ECF |
| Plaintiffs, | : | 08 CV 3993 (TPG) (AJP) |
| -against- | : | |
| UNITED STATES TRUST COMPANY, N.A., BANK OF AMERICA, N.A. and JOHN DOES #1-10, Jointly and Severally, | : | |
| Defendants. | : | |

## PRELIMINARY STATEMENT

Plaintiff, on behalf of himself and on behalf of each and all other persons similarly situated, by his attorneys, submits this memorandum of law in support of his Motion for Approval of Collective Action Notice (hereafter, the "Motion").

## I. INTRODUCTION

In this action, among other claims for relief, Plaintiff seeks to recover unpaid overtime compensation on behalf of himself and other similarly situated employees of Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff now moves the Court to enter an Order permitting this action to proceed as a

collective action, requiring Defendants to disclose the names and last-known addresses of current and former employees who are potential plaintiffs, and to approve the form, content and distribution of Plaintiff's proposed "Notice of Lawsuit and Opportunity to Join" and "Consent to Become Party Plaintiff" (attached as Exhibit A and B, respectively, to the Declaration of William C. Rand, Esq. filed herewith), ensuring that potential plaintiffs will be advised of the pendency of this action and their right to "opt in" to this case pursuant to FLSA § 216(b).

The named plaintiff was employed by Defendants as a First Level Officer employee of United States Trust Company and Bank of America. While employed by the Defendants, the named Plaintiffs and at least 40 other employees were improperly classified as employees "exempt" from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law §§ 190 et seq. As a result of the improper classification, the employees were, and continue to be, denied appropriate compensation for the hundreds of hours of overtime they work and have worked.

Accordingly, the plaintiff collective action class consists of (1) current and former employees of Defendants who worked as First Level Officers or similar positions with different titles or in other similar non-managerial, non administrative positions, (2) who were not paid overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. All such individuals should receive notice and the opportunity to opt-in to this case if they worked in excess of forty (40) hours per week but were not compensated at the rate of time and one-half.

## II. ARGUMENT

### A. Collective Actions under the FLSA

The FLSA expressly permits the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of minimum wage and overtime compensation. FLSA § 216(b) provides in pertinent part as follows:

> Any employer who violates the provisions of section 206 [requiring payment of minimum wage] or section 207 [requiring payment of overtime compensation for hours worked in excess of 40 per week] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

In order to maintain a collective action under FLSA § 216(b), the named plaintiff must demonstrate that other, potential plaintiffs are "similarly situated." Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) . This requirement is satisfied if the named plaintiff demonstrates the existence of a "factual nexus between the [named plaintiff's] situation and the situation of the other current and former [employees]." Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Specifically, the named plaintiff need only make a "modest factual showing sufficient to demonstrate the [the named plaintiff] and potential plaintiffs together were victims of a

common policy or plan that violated the law." Sbarro, at 261; see also Gjurovich, 282 F. Supp. 2d at 104. The named plaintiff is not required to prove that potential plaintiffs shared identical positions or performed identical work. Schwed v. General Electric Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995). "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" Sbarro, 982 F. Supp. at 261.

As demonstrated by the foregoing authority, collective actions under the FLSA are materially different from class actions under Fed. R. Civ. P. 23. Rule 23 requires the proponent of the class action to demonstrate the existence of several factual circumstances, including numerosity of the proposed class, common questions of law or fact, typicality of claims or defenses, and adequate and fair protection of the interests of the class by the representative parties. Fed. R. Civ. P. 23. These circumstances are simply not applicable to collective actions under the FLSA, which requires the named plaintiff to show only that potential plaintiffs likely exist. As discussed below, the declaration by Plaintiff submitted herewith clearly and sufficiently makes the requisite showing in this case.

**B. The Factual Nexus is Established in this Case**

The declaration of the named plaintiff, Eugene Lumley, filed contemporaneously herewith, demonstrates that Defendants adopted and adhered to a policy effectively requiring their employees to work in excess of 40 hours per week without paying overtime compensation at the rate of time and one-half, in violation of FLSA § 207. *See* Declaration of Plaintiff Lumley filed in support of the motion.

Plaintiff's declaration demonstrates that the plaintiff worked as First Level Officers or similar positions with different titles (hereafter collectively referred to as the "First Level Officer employees") and that the plaintiffs worked more than 40 hours per week and was not paid time and one half for their hours worked over forty in a week. The duties of the First Level Officer employees did not include managerial responsibilities or the exercise of independent business judgment and they did not hire or fire employees.

Eugene Lumley was a First Level Officer employee of United States Trust Company and Bank of America (together "Defendants") employed from on or about January 2007 until October 2007 (the "time period").  his title was also referred to as "Financial Officer."  Herein, the term, "First Level Officer", will include the title of "Financial Officer."  *Id.* at ¶ 1.  Lumley worked for Defendants at 114 West 47th Street, 3rd Floor, New York, New York 10036. *Id.* at ¶ 2.

Lumley worked predominantly preparing individual tax returns using software named "Pro Systems" and preparing household employee payroll tax returns using software named "1099-Etc".  *Id.* at ¶ 3.  While working for Defendants, Lumley never saw any notice informing him and the other employees of their right to be paid overtime at a rate of time and one half our regular hours for hours worked over forty in a week.  *Id.* at ¶ 4.  During the time period during which Lumley worked for Defendants, during many weeks, Lumley worked over 40 hours a week.  During the approximately 8 week period prior to April 15, 2007 and the six week period prior to October 15, 2007, Lumley often worked from about 9:00 a.m. or 9:30 a.m. to about 8:00 p.m. or 8:30 p.m. and sometimes as late as 10:00 p.m., and also worked a number of Saturdays from about 9:30

a.m. to 3:30 p.m. and sometimes as late as 6:00 p.m. *Id.* at ¶ 5.

When Lumley worked on Saturdays, he was required to sign into the building and sign out of the building (listing the time next to his name) in a sign-in/sign-out book located in the lobby at the security desk. *Id.* at ¶ 6. While Lumley worked at Defendants, Defendants paid him an annual salary at the rate of $62,000 per year, but failed, refused and neglected to pay him any statutory overtime wages for hours worked in excess of 40 hours per week. *Id.* at ¶ 7. In addition to himself, during the time period, Lumley is aware and has personal knowledge of other persons employed by Defendants as First Level Officers or similar titles who performed the same or similar work as himself. Upon information and belief there are at least 40 of such similar First Level Officers. Id. at ¶ 8.

Lumley and the other similar First Level Officer employees regularly worked more than 40 hours per week for Defendants. Id. at ¶ 9. Lumley and these other similar First Level Officers employees worked more than 40 hours per week and were paid their regular hourly rate for overtime and were not paid time and one half for their overtime hours. Id. at ¶ 10. Lumley knows that others like him were not paid overtime by Defendants because the human resources Vice President named Jeannie Mongiello informed him that First Level Officers were categorized as exempt for time and one half purposes and therefore were not paid time and one half for work performed over forty hours in a workweek. He knows that other First Level Officers worked more than 40 hours in a workweek because he worked alongside some of the First Level Officer employees and witnessed the hours that they worked. *Id.* at ¶ 11. On or about September 30, 2007, Defendants ceased designating the First Level Officer position as an exempt position for overtime purposes and commenced paying First Level Officers time and one

half for their overtime hours. Id. at ¶ 12.

Throughout the time period that Lumley worked at Defendants, and, upon information and belief, both before that time and continuing until about September 30, 2007 (when Defendants ceased designating First Level Officers as exempt), Defendants have likewise employed other individuals, like himself, in positions as First Level Officer workers. Id. at ¶ 13. Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate for hours worked in excess of 40 hours per week. *Id.* at ¶ 14.

Plaintiff worked for Defendants with at least 40 other similar First Level Officer employees who performed similar work as his, worked more than 40 hours per week and similarly were not paid overtime. Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of time and one-half their regular hourly rate. *Id.* Accordingly, Plaintiffs have demonstrated that numerous other similar employees were not paid overtime at a rate of time and one half as part of a common, illegal policy of the Defendants.

**C. The Collective Action Notice**

FLSA § 216(b) has no specific provision for issuing notice to prospective plaintiffs in collective actions. However, it is well established that district courts have the power to send such a notice to potential plaintiffs. E.g., Braunstein v. Eastern Photographic Laboratories, Inc. 600 F. 2d 335, 335-36 (2d Cir. 1979); Sbarro, 982 F. Supp. at 261(citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Gjurovich, 282 F. Supp. 2d at 104; Trinidad v. Breakaway Courier Systems, Inc., 2007 WL 103073

(January 12, 2007 S.D.N.Y) (Judge Sweet). It is important to note that, in issuing a notice to potential plaintiffs, the Court does not adjudicate the merits of the claims of either the named or potential plaintiffs, or determine that the potential plaintiffs are in fact similarly situated with the named plaintiff. As Magistrate Judge Lisa Margaret Smith of the Southern District in Westchester County noted:

> Here, I determine only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs. I am not determining that those being notified "are, in fact, similarly situated" to the Plaintiff, and I make no determination regarding the legal rights and responsibilities of the parties. . . . Again, the Plaintiff's burden for proving that he is similarly situated to these potential plaintiffs is minimal for this preliminary determination-a determination that can be modified or reversed after discovery is complete.

Gjurovich, 282 F.2d at 105 (citations omitted)

Plaintiff separately submits herewith a proposed Notice of Lawsuit and Opportunity to Join. This notice comports to the specific requirements exhaustively enumerated by Judge Smith in Gjurovich. Supra, at 106-109.

**D. Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs**

Only Defendants know the names and addresses of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require Defendants to disclose that information so that Plaintiff's counsel can circulate the Notice of Lawsuit and Opportunity to Join. Hoffman-La Roche, Inc. v. Sperling, 110 S. Ct. 482, 486 (1989). In addition, Defendants should be ordered to provide this information in both paper and digital format to expedite the distribution of the notices, and the proposed Order submitted herewith so provides.

Plaintiffs' motion for permission to authorize notice to potential class members is

critical because the statute of limitations for claims brought under the Fair Labor Standards Act may not be tolled for a particular plaintiff until he or she files with this Court a "Consent to Join" form. Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999); Partlow v. Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981) ("It is true that the FLSA statute of limitations continues to run until a valid consent is filed."); Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, (9th Cir. 2000); Sbarro, 982 F. Supp. at 262; 29 U.S.C. § 216(b). The implication of the continued running of the statute of limitations is obvious: each day that passes before notice is given causes prejudice to the absent plaintiffs. The statute of limitations demonstrates not only the need for the distribution of notice to purported class members, but the expediency in which the distribution must occur.

Plaintiffs are not requesting unusual or extraordinary relief, but are requesting relief clearly within the discretion of this Court. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989). The United States Supreme Court recognized the need for notice in actions like this and also approved Court intervention and authorization of notice, stating:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time. . . . The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

Hoffmann-La Roche, 493 U.S. at 171-172 (1989); Sbarro, 982 F. Supp. at 262 ("courts

have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); Cook v. United States, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")

### E. The FLSA Statute of Limitations Should be Equitably Tolled and A Six Year Notice Period and Statute of Limitations Applied to Plaintiffs' Claims

Preliminary certification of the FLSA opt-in class should be for the entire six-year limitations period, as set forth by the New York Labor Law, due to Defendants' failure to post required notices, as set forth by the FLSA, 29 C.F.R. § 516.4. Equitable tolling may be utilized by a court where a defendant's conduct "concealed from the plaintiff the existence of the cause of action." Cerbone v. Int'l Ladies Garment Workers' Union, 768 F.2d 45, 48 (2d Cir.1985). The FLSA provides:

> Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.

Where employers have failed to post the required notice, courts have held that the statute of limitations is equitably tolled during the period in which notice was not posted. *See* Baba v. Grand Central Partnership, Inc., 2000 WL 1808971 (S.D.N.Y.), 2000 U.S. Dist. LEXIS 17876 (S.D.N.Y. Dec. 8, 2000); Iglesias-Mendoza v. La Belle Farm, Inc.,

239 F.R.D. 363 (S.D.N.Y. Jan. 29, 2007); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D.Pa. 1984). In Baba, supra, the court recognized the authority to the effect "that the failure to post the required notice equitably tolls the statute of limitations unless and until an employee has actual notice of his rights." Baba at *2. Similarly, in Iglesias-Mendoza, supra, the court followed Baba and certified the six-year period for plaintiffs' FLSA claim, noting that certification would simplify class notice and that by virtue of the plaintiffs' New York Labor law claims, notice would be sent to all hourly employees who had worked for the defendants over the last six years.

Here, Plaintiff has alleged in his declaration that Defendants failed to post notices advising Plaintiff and Defendants' other employees of their right to earn overtime compensation. Lumley Declaration at ¶ 4 As such, the court should certify the FLSA opt-in period for the entire six-year statute of limitations period applicable to the New York Labor Law claims.

## III. CONCLUSION

Plaintiff has shown by his declaration that he is similarly situated with other former and current employees of Defendants. Accordingly, Defendants should be required to provide the names and addresses of (a) first Level Officer employees and employees with different titles who have similar duties and other non-managerial, non administrative workers they employed within six years preceding the date of the Court's Order on this motion, so that notice of this action may be communicated to them. For the foregoing reasons, Plaintiff respectfully requests that Plaintiff's Motion be granted.

Dated: New York, New York
June 13, 2008

LAW OFFICE OF WILLIAM COUDERT RAND

S/William C. Rand

______________________________

William Coudert Rand, Esq. (WR-7685)
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly Situated
711 Third Avenue, Suite 1505
New York, New York 10017
Tel: (212) 286-1425

Co-counsel
Berger & Gottlieb
Jeffrey M. Gottlieb, Esq. (JG-7905)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795