UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE LUMLEY, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>         Plaintiffs,<br><br>-against-<br><br>UNITED STATES TRUST COMPANY, N.A., BANK OF AMERICA, N.A., JOHN DOES #1-10, Jointly and Severally,<br><br>         Defendants. | No. 08 CV 3993 (TPG) (AJP)<br><br>DECLARATION OF RICHARD V. MICHAELS IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPROVAL OF COLLECTIVE ACTION NOTICE |

I, Richard V. Michaels, declare as follows:

  1.  I have personal knowledge of the matters contained in this declaration. As to those matters with respect to which I do not have personal knowledge, I have been generally informed as to such information which was obtained from sources deemed to be reliable and I believe that it is true based on those sources and the files and records of Defendant Bank of America, National Association, and to the best of my knowledge, information and belief. I make this declaration in support of Defendant Bank of America, National Association's opposition to Plaintiff Eugene Lumley's Motion for Approval of Collective Action Notice. If called to testify to the matters set forth in this declaration, I could do so competently.

  2.  I am currently a Senior Vice President of Global Human Resources for Bank of America, National Association ("Bank of America"). I have held this position since U.S. Trust Corporation ("U.S. Trust") was acquired by Bank of America on July 2, 2007. Prior to Bank of America's acquisition of U.S. Trust, I held similar human resources positions at Charles Schwab ("Schwab"), which purchased U.S. Trust in June 2000, and other U.S. Trust predecessors. I have been employed in human resources positions with U.S. Trust or its predecessors or successors for

1

over ten years.

3.As a Senior Vice President of Global Human Resources, I provide Human Resources counsel to my assigned client groups, which includes handling employee relations issues, compensation issues, benefits issues, performance management, training and development, leadership development, and organizational design and structure. Given my current role with Bank of America and previous roles with U.S. Trust, I have knowledge regarding the officer titles, job families, and job descriptions, as well as the job duties performed by the various employees of U.S. Trust and Bank of America.

4.Over the course of my career, I have also had special responsibilities in connection with the acquisition of U.S. Trust by other corporate entities. For example, beginning in July 2007, in connection with Bank of America's acquisition of U.S. Trust, I served as Human Resources Manager for the U.S. Trust Transition Execution Team. During the period from January 2007 through June 2007, in preparation for the acquisition of U.S. Trust by Bank of America, I assisted managers in my assigned client groups with the transition of employees from U.S. Trust to Bank of America.

5.The wage and hour notices required by federal and New York law are currently posted at the Bank's 114 West 47th Street, New York, New York location, previously the U.S. Trust location at which Plaintiff worked. These notices are posted in the employee cafeteria area on the second floor of the building and are accessible to all employees at all times while they are in the building. I am informed and believe that these notices have been posted in this manner continuously throughout at least the past six years. In addition, all other U.S. Trust locations were instructed to post the wage and hour notices required by federal and applicable state law, and Bank of America has similar procedures, and I am informed and believe that these notices

2

have likewise been posted in this manner in all of the various U.S. Trust and Bank of America locations continuously throughout at least the past six years.

6.  I understand that the limitations period for Plaintiff's putative class claims under the Fair Labor Standards Act is alleged to be April 29, 2005 to the present. I also understand that Plaintiff is seeking to extend the limitations period to six years as set forth under the New York Labor Law. For a portion of the six-year time period, U.S. Trust was comprised of seven banking entities. When U.S. Trust was acquired by Schwab in 2000, U.S. Trust and its banking entity subsidiaries were maintained as separate legal entities. In 2003 and 2004, these seven U.S. Trust banking entities were consolidated into two banking entities, "United States Trust Company of New York" and "U.S. Trust Company, N.A." In 2006, these two banking entities were combined to create "United States Trust Company, N.A." United States Trust Company, N.A. employed the majority of U.S. Trust's employees.

7.  In addition, U.S. Trust operated a number of other, separate legal entities, including U.S. Trust Technology and Support Services, Inc. ("TSSI"), which employed individuals to provide operations, finance, audit, and other corporate support services to U.S. Trust.

8.  U.S. Trust and all of its subsidiaries, including United States Trust Company, N.A. and TSSI, were acquired by Bank of America in July 2007. As a result of the acquisition, U.S. Trust ceased to exist and the separate legal entities all became a part of NB Holdings, Inc. United States Trust Company, N.A. was merged into Bank of America effective February 22, 2008. TSSI was merged into Bank of America effective May 30, 2008. Accordingly, neither TSSI nor U.S. Trust currently employs any employees.

9. Prior to its acquisition by Bank of America, U.S. Trust was a corporation providing customized trust, investment management and consulting, tax and estate planning, private banking, alternative investments, philanthropic consulting, and custody services to high net-worth clients. U.S. Trust had approximately 30 offices in more than a dozen states and Washington, D.C.

10. Bank of America is part of Bank of America Corporation, one of the largest banks in the United States. Bank of America provides consumer and small business banking, credit cards, investment banking and brokerage, and asset management from more than 6,000 locations in at least 30 states.

11. I understand that the putative class as alleged in Plaintiff's Complaint consists of all persons who have been employed by U.S. Trust and who held the officer title of First Level Officer ("FLO") during the putative class period.

12. There were approximately 760 individuals employed by U.S. Trust since April 2002 who held the FLO officer title at some point during that period.

13. I understand that Plaintiff has submitted a declaration and that the declaration claims that Plaintiff and at least 40 other First Level Officers "performed the same or similar work." Based on my observations and over ten years of experience at U.S. Trust and its predecessors and successors, that statement is incorrect. Plaintiff's declaration overlooks the wide variety of functional job positions held and vastly different job duties performed by employees who held the FLO officer title, which officer title was utilized throughout all of the functional business areas of U.S. Trust.

4

14. Plaintiff was employed by U.S. Trust with the functional job title of "Junior Specialist – Tax Planning." During the six-year limitations period Plaintiff attempts to put at issue, there were only a small number of other individuals employed by U.S. Trust with the same functional job title as Plaintiff.

15. I understand that Plaintiff contends that all First Level Officers were classified as exempt prior to September 2007. This is not correct. Some of the employees who held the FLO officer title during the six-year limitations period Plaintiff attempts to put at issue were classified as exempt and some were classified as non-exempt.

16. For example, when the FLO officer title was last used prior to Bank of America's acquisition of U.S. Trust in July 2007, approximately 30% of the employees who held the FLO officer title were classified as non-exempt.

17. With respect to the various individuals who held the FLO officer title and were classified as exempt during the six-year limitations period Plaintiff attempts to put at issue here, there were a number of exemptions which may have been applicable to different individuals with the FLO officer title, including, but not limited to, the administrative exemption, the professional exemption, the executive exemption, and the computer employee exemption. In addition, a number of individuals with the FLO officer title were paid an annual salary of $100,000.00 or more and, accordingly, were exempt pursuant to the highly compensated employee exemption.

18. At U.S. Trust, officer titles – including the First Level Officer title – were independent of each employee's functional job and actual job duties. Officer titles were also unrelated to an employee's status as exempt or non-exempt, which status was determined based on each employee's actual job duties and responsibilities. Thus, while some employees with the FLO officer title were classified as exempt, others with the FLO officer title were classified as

5

non-exempt.

19. Because officer titles at U.S. Trust were in no way related to the actual job duties an employee performed (except to the extent that in some cases an officer title was required to transact certain business on behalf of U.S. Trust), there were employees with the FLO officer title in all of the different functional business areas of U.S. Trust. Indeed, individuals with the FLO officer title were employed within at least 25 different "job families," which were utilized by U.S. Trust to organize the different functional positions within the firm, including, but not limited to, the following job families: (1) Business Systems; (2) Accounting; (3) Administrative Support; (4) Compliance; (5) Finance; (6) Human Resources Information Systems ("HRIS"); (7) Operations; (8) Project Management; (9) Corporate Real Estate and Facilities; (10) Staffing; (11) Technology Services; (12) Technology Solutions; (13) Trading Support; (14) Taxation; (15) U.S. Trust Business Development; (16) U.S. Trust Client Relationship Management; (17) U.S. Trust Credit; (18) U.S. Trust Investment Performance Analysis; (19) U.S. Trust Investment Research; (20) U.S. Trust Planning; (21) U.S. Trust Portfolio Management; (22) U.S. Trust Private Banker; (23) U.S. Trust Trading; (24) U.S. Trust Trust & Estate Administration; and (25) U.S. Trust Wealth Manager.

20. In addition to spanning the 25 or more different job families, the FLO officer title applied to employees with many different functional job titles and vastly different job duties. During the six-year limitations period Plaintiff seeks to apply here, U.S. Trust employed individuals with at least the following 76 functional job titles, all of whom held FLO officer titles, but were performing distinct and disparate job duties in the wide variety of functional business areas at U.S. Trust, and some of whom were classified as exempt and some as non-exempt:

- Administrative Assistant II
- Administrative Manager - Corporate Communications
- Administrative Tech Support Consultant
- Art Director
- Associate Compliance Analyst
- Associate Research Analyst
- Business Strategy Project Specialist I
- Client Relationship Associate
- Events Planner
- Int. Private Banker
- Int. Sales Representative
- Int. Specialist – Estate Planning
- Int. Specialist - Financial Planning
- Int. Specialist - Insurance Planning
- Int. Specialist – Planning
- Int. Specialist - Tax Planning
- Int. Staff - Investment Performance
- Int. Staff - Personal Custody
- Int. Staff - Trust & Estate
- Int. Trader
- Intermediate Staff – Credit
- Intermediate Staff – Institutional
- Intermediate Staff – Wealth & Investment Services
- Investigator Analyst
- Junior Client Relationship Officer
- Junior Planning Specialist

- Junior Private Banker
- Junior Sales Representative
- Junior Specialist - Financial Planning
- Junior Specialist - Ins. Planning
- Junior Specialist - Real Estate
- Junior Specialist - Tax Planning
- Junior Staff – Personal Custody
- Junior Staff – Wealth & Investment Services
- Junior Trader
- Manager- Administrative Support
- Office Manager
- Portfolio Assistant
- Project Administrator II- OC
- Project Manager II
- Quality Consultant
- Research Analyst
- Sales Assistant
- Sales Associate
- Senior Accountant
- Senior Administrative Assistant
- Senior Analyst Business Systems Analysis
- Senior Business Analyst
- Senior Client Relationship Associate
- Senior Compliance Analyst
- Senior Financial Analyst
- Senior Investigator

- Senior Operations Specialist
- Senior Private Banking Associate
- Senior Quality Consultant
- Senior Specialist- Marketing
- Senior Specialist, HRIS
- Senior Specialist - Training
- Senior Staff - Investment Performance
- Senior Staff II - Trust & Estate
- Senior Tax Accountant
- Senior Technical Buyer
- Senior Trading Ops Specialist II
- Specialist, Benefits
- Specialist, Staffing
- Staff - Technology Services
- Staff - Technology Solutions
- Staff Accountant II
- Staff Accountant III
- Supervisor - Administrative Support
- Supervisor - Facilities/Real Estate
- Team Leader/Supervisor
- Team Manager – Operations
- US Trust
- UST FLO – Ungraded
- Wealth Manager

21. In addition, the 76 or more functional job positions spanned a broad array of subdivisions of U.S. Trust, including, but not limited to, the following 16 Divisions and the following 56 Groups within those Divisions:

- **Divisions:** Business Strategy & Marketing; CFO/CAO; Corporate Services; Human Resources; Institutional; Investments Group; National Bank; New York Region; NY Private Banking; Office of the CEO; Office of the CIO; Office of the COO; Operations; Operations & Technology; Oversight; and Product Management.

- **Groups:** Alternative Investments; Banking; BSA; Business Development; Business Strategy & Analysis; California; CFO/CAO; Client Communication; Compliance; Connecticut; Corporate Secretary; Corporate Staff; Credit Office; CTC Consulting; Custody; Equity Research; Equity Trading; Fixed Income; Fixed Income Investments; Florida; Growth Investments; Institutional Business; Institutional Sales; Investment Operations; Investment Research; Investment Risk & Analysis; Investment Solutions; Investments COO Office; Maier Siebel & Baber; Marketing; Mid-Atlantic; Midwest Region; Minnesota; Multi Family Office; National Business Integration; New England; New Jersey Region; North Carolina; Northeast Region; Office of the CFO; Oversight; Planned Giving; Private Asset Management; Projects; Research Operations & Admin; Seattle/Oregon; Security Services; Southeastern Region; Special Fiduciary; Structured Investments; Technology; Texas; Upper New England; Wealth Planning; Wealth Structuring; and Western Region.

22. Bank of America also utilizes officer titles, but Bank of America's officer titles are different from the officer titles used at U.S. Trust. Like the U.S. Trust officer titles, the Bank's officer titles are independent of an employee's functional job title and duties and exempt/non-exempt status. Bank of America has never employed any employees with the officer title of "First Level Officer" as that title does not exist at Bank of America. As a general matter, the lowest level officer title at Bank of America is "Officer."

23. If Plaintiff's alleged putative class is understood to include all employees who have held the officer title of "Officer" at Bank of America, approximately 750 different functional job positions would be included in that class definition.

24. As with the First Level Officer title at U.S. Trust, the Officer title at Bank of America includes vastly different functional jobs with vastly different job duties spanning all of the functional business areas of the Bank. Further, there are currently 15,000 individuals with the "Officer" title employed at Bank of America and tens of thousands of Bank of America employees have held the "Officer" title since April 2002.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this /2th day of August, 2008 at Charlotte, North Carolina.

_____
Richard V. Michaels